The opinion below is hereby signed. Dated: December 2, 2005.

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GOLD & APPEL TRANSFER S.A., | ) | Case No. 05-00775 |
| | ) | (Case Under Section 304 of |
| Debtor in a Foreign Proceeding. | ) | the Bankruptcy Code) |
| _____ | ) | |
| | ) | |
| MEADE MALONE, OFFICIAL LIQUIDATOR FOR GOLD & APPEL TRANSFER S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 05-10022 |
| | ) | |
| ICEBERG TRANSPORT S.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION RE MOTION FILED BY WALT ANDERSON
TO REMOVE PLAINTIFF'S COUNSEL DUE TO CONFLICT OF INTEREST

Walt Anderson, one of the defendants, has filed a motion to remove the plaintiff's counsel, Daniel M. Litt and his law firm, due to an alleged conflict of interest. Anderson's allegations, a hodgepodge of facts devoid of any real substance, do not make out a case for removing Litt and his law firm, and thus his

motion will be denied as a matter of law without the necessity of taking evidence (and without the necessity of reciting the lengthy factual rebuttal the plaintiff has raised in response to the motion).

    1.  Knowledge gained by Litt or his law firm in pursuing claims on behalf of the plaintiff or on behalf of another client, Nortel, an entity that is not one of Anderson's related entities, may be adverse to Anderson, but that does not constitute a conflict.

    2.  Even if, as Anderson contends, Litt (either as an attorney for Nortel or as a former provisional liquidator of the debtor or as a witness in criminal proceedings against Anderson) or his law firm took actions that were improperly adverse to Anderson or any of his related entities, that does constitute a ground for removing Litt and his law firm from representing the plaintiff in this proceeding.  This is unaltered by the fact that the plaintiff (the current liquidator and former joint provisional liquidator with Litt of the debtor's estate) might be joined as a co-defendant in any lawsuit brought against Litt or his law firm for such alleged misconduct.

    3.  Finally, Anderson contends that Litt was removed as joint provisional liquidator of the debtor's estate based on a conflict of interest, but does not specify what that conflict was.  This does not suffice to warrant removing Litt and his law

firm.  First, without more, the allegation does not constitute a basis for removing Litt and his law firm from a different role, that of representing the current liquidator as his counsel. Second, to the extent Anderson were to contend that Litt and his firm represented a creditor, Nortel, and that this was the alleged conflict involved in Litt's removal as a provisional liquidator, that would not preclude Litt from representing the plaintiff (the current liquidator).  Anderson has alleged no conflict of interest regarding Litt's representation of Nortel and his representation of the liquidator: the interests of those parties are the same in this proceeding, namely, to maximize the assets of the estate through the recoveries being pursued by the plaintiff.  Accordingly, nothing in those provisions of the D.C. Bar Rules of Professional Responsibility addressing conflicts of interest, Rules 1.7 through 1.9, precludes the representation.[1]

An order follows.

[Signed and dated above.]

Copies to: All counsel of record.

---

[1] Under the Bankruptcy Code prior representation (indeed, even ongoing representation) of a creditor does not preclude an attorney from being employed to represent an entity administering an estate in liquidation proceedings absent an actual conflict of interest raised by the United States Trustee or a creditor. See 11 U.S.C. § 327(c).  Anderson has not alleged that the law of the British Virgin Islands is meaningfully different, and, in any event, the liquidation court in the British Virgin Islands is the appropriate court to decide whether the liquidator may employ Litt.  However, Anderson's standing to raise the issue is in doubt.