The decision below is hereby signed.  Dated: October 18, 2006.

_S. Martin Teel Jr._
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GOLD & APPEL TRANSFER S.A., | ) | Case No. 05-00775 |
| | ) | (In a Case Under Section |
|     Debtor in a Foreign | ) | 304 of the Bankruptcy Code) |
|     Proceeding. | ) | |
| _____ | ) | |
| | ) | |
| MEADE MALONE, OFFICIAL | ) | |
| LIQUIDATOR FOR GOLD & APPEL | ) | |
| TRANSFER S.A., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Adversary Proceeding No. |
| | ) | 05-10022 |
| ICEBERG TRANSPORT S.A., *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

DECISION RE MOTION TO RECONSIDER
ORDER RE DISCOVERY OF DOCUMENTS HELD BY U.S. GOVERNMENT

On September 19, 2006, Walter Anderson, one of the

defendants, filed a motion (Docket Entry ("DE") No. 259) to

reconsider this court's order (DE No. 246) signed on August 7,

2006, and entered on August 8, 2006.  The court will deny the

motion for the following reasons.

I

The August 2006 order arose from Anderson's failure to comply with a request for production of documents served on Anderson on February 16, 2006.  The documents at issue were seized by the United States Government pursuant to a search warrant.  Anderson does not dispute that he has legal access to documents and can authorize the government to permit the plaintiff to examine the documents.  Yet, he refused to cooperate with the plaintiff in producing the documents.  This caused the plaintiff to file a motion to compel Anderson to execute an Authorization to Inspect and Copy Documents and Information in the Possession of the United States Government and Release (the "Authorization").  When Anderson failed timely to oppose that motion, the court entered its order on August 8, 2006, directing Anderson to execute the Authorization.  When Anderson did not comply with the order, the plaintiff filed a motion on August 29, 2006 (DE No. 251) to deem the Authorization executed.  Anderson did not oppose that motion, and on September 15, 2006, the court entered an order (DE No. 256) granting the motion and directing that the Authorization was deemed executed.  Anderson's motion to reconsider was filed four days later on September 19, 2006.

II

The court will deny the motion on two grounds.

A.

First, Anderson's motion to reconsider the August 2006 order is woefully late.  It was filed 42 days after the entry of the August 2006 order, and 21 days after the plaintiff filed its motion to deem the Authorization executed.  Obviously, the plaintiff would be unduly prejudiced were Anderson allowed to re-litigate a discovery issue already decided at such a late date.

Anderson contends that the materials may be privileged or irrelevant, but any privilege or objection as to relevance was waived by Anderson's failure to seek reconsideration in a prompt manner.  When Anderson was served with the request for production of documents in February 2006, he had an obligation to ascertain which of the documents were privileged or irrelevant.  To the extent he could not perform that obligation without being allowed to be transported from jail to where the documents were located, the onus was on him to seek an order facilitating his examination of the documents.  Anderson filed no motion in that regard, and cannot be heard belatedly to raise his incarceration as a basis for reconsideration.

B.

Second, Anderson's motion does not show good cause for reconsidering the August 2006 order.  First, Anderson claims that some of the documents are privileged.  However, the only privilege he has raised is the privilege against self-

3

incrimination.  That privilege will not apply to the production by the United States Government of documents it seized from Anderson as he is not being compelled to testify by such production.  Moreover, the court already ruled that the plaintiff controls any attorney-client privilege that could be asserted by Gold & Appel Transfer S.A. ("Gold & Appel").  Finally, none of the other corporations affiliated with Gold & Appel (and whose records may be included among the records seized) has stepped forward to assert any privilege.

Second, he claims that the documents may be irrelevant. However, Anderson's conclusory assertions of irrelevance fail to address the bases for relevance set forth in the plaintiff's initial motion to compel.  Anderson does not dispute that he ran Gold & Appel and had documents of that company that were seized by the United States Government, nor does he address the plaintiff's contention that affiliated entities were involved in facilitating Gold & Appel's fraudulent transfers.  Untangling Anderson's alleged manipulative actions relating to Gold & Appel will require examination of the transactions of other companies to ascertain the extent of their connection to the Gold & Appel transactions at issue.  Accordingly, the fact that the seized documents include documents of other companies does not demonstrate that they are irrelevant.  The burden was on Anderson to produce relevant documents, and he has not proposed a

4

procedure that will permit prompt production of such documents
and at the same time shield irrelevant documents (if, indeed,
there are any such irrelevant documents) from disclosure.  The
time for him to make a reasonable proposal was when he was served
with the request for production of documents long ago.

IV

An order follows denying Anderson's motion.

[Signed and dated above.]

Copies to:

All counsel of record.